**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DARRELL BRACEY, # 30250-037            *

    Petitioner                                     *

                     v.          *      Civil Action No. DKC-12-0760
WARDEN
                                 *

    Respondent
                            ***

**MEMORANDUM**

Before the court is the Darrell Bracey's ("Bracey") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For reasons to follow, the Court the Petition will be dismissed without prejudice.

**BACKGROUND**

On February 21, 1995, following a jury trial, Bracey was found guilty of participating in a heroin and cocaine conspiracy. *See United States v. Bracey*, Criminal Action No. DKC-94-241. He was sentenced to 360 months incarceration. After sentencing, he noted an appeal to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction.  The Supreme Court denied his Petition for a Writ of Certiorari.

Bracey filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 that was denied in Civil Action No.  DKC-97-4289 (D. Md. 1999).  The Fourth Circuit denied his subsequent request for a Certificate of Appealability and dismissed the appeal. On March 9, 2012, Bracey, who is self-represented in this proceeding and confined at FCI-Cumberland, filed the instant Petition for federal habeas relief under 28 U.S.C. §2241 to challenge his sentence.

**DISCUSSION**

Bracey is seeking to collaterally challenge his sentence by claiming that it violates due process and is contrary to Fourth Circuit case precedent.  Petition, Part V.  He also alleges that he received ineffective assistance of counsel on appeal. Petition, Parts V and VI.

A § 2255 motion is the presumptive legal avenue by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).  Where, as here, a federal prisoner is challenging the legality of his conviction or sentence, he must proceed pursuant to § 2255, with § 2241 petitions generally reserved for challenges to the execution of the sentence. 28 U.S.C. § 2255(e)[1]; *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

If § 2255 is inadequate or ineffective to test the legality of the detention, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).  Section 2255 is inadequate or ineffective only in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." *Okereke v. United States*, 307 F.3d 117, 120 (2002).  "The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, at 1194 n. 5.

Bracey does not contend that § 2255 is inadequate or ineffective.  Even if Bracey had, however, he would not be entitled to the relief he wants under § 2241. The United States Court

---

[1]  Also known as the "savings clause," *see In re Jones*, 226 F.3d  328,  333 (4th Cir. 2000), 28 U.S.C. § 2255(e); provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

of Appeals for the Fourth Circuit has held that § 2255 is inadequate and ineffective to challenge the legality of a sentence only when "1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones,* 226 F. 3d at 333-34.  The crimes for which Bracey was convicted remain criminal offenses and the Petition fails to satisfy the criteria set forth in *Jones.*

Further, Bracey is challenging only his sentence, not his underlying conviction in the Petition.  The Fourth Circuit "has ... not extended the reach of the savings clause to those petitioners challenging only their sentences ." *United States v. Poole*, 531 F.3d 263 n.7 (4th Cir. 2008).[2]  Because the Fourth Circuit has thus far declined to extend the scope of the savings clause to such claims, Bracey cannot establish that the Petition is properly filed under § 2241.

Because the savings clause does not apply here, the instant Petition is not properly filed pursuant to 28 U.S.C. § 2241.  To the extent Bracey might intend to raise his claims by way of a § 2255 motion, he must first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition. A § 2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions.  *See Jones*, 226 F.3d at 333; *Vial,* 115 F.3d at 1194 n. 5.

---

[2] The Fourth Circuit more recently declined in an unpublished decision to extend the savings clause to a petitioner who claimed he was actually innocent of his sentence enhancement, as opposed to arguing his underlying conviction was invalid, explaining "our cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction." *Darden v. Stephens*, No. 10–7496, 2011 WL 1625094 (4th Cir. Apr. 29, 2011) (relying on *In re Jones and Poole*).

**CERTIFICATE OF APPEALABILITY**

The court declines to issue a Certificate of Appealability (COA). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2).  The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

Where a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has failed to satisfy this standard and a Certificate of Appealabity will not issue.  Denial of a Certificate of Appealability does not prevent Petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

**CONCLUSION**

The court finds the claims presented herein are not properly raised pursuant to 28 U.S.C. § 2241 and the Petition shall be dismissed without prejudice. A separate Order consistent with this Memorandum follows.

Date:  June 20, 2012                                         /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge